## GEORGE D. CORWINE
### v.
## BENJAMIN S. TALBOT.

*Evidence—Interview—Exclusion—False Representations.*

The exclusion of evidence of a conversation, if erroneous, is cured by its subsequent admission in connection with evidence, which is denied, that it was communicated to the adverse party.

[Opinion filed February 21, 1889.]

APPEAL from the Circuit Court of Logan County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. E. LYNCH and R. C. MAXWELL, for appellant.

A party procuring another to accept an agency of an insurance company will not be liable to the latter, from the mere fact that his written representations as to what the company would do, turn out to be untrue. It must appear that he knew their falsity, and the other party relied on the same, and sustained damages in consequence thereof. Wharf v. Roberts, 88 Ill. 426.

To render a representation fraudulent, it must not only be false, but the party making it must know it to be such. To recover, in an action for deceit, the statement must be untrue, the party making it must know it to be false, and the person seeking to recover must have relied on the statement as true and have been induced to act upon it, and the statement must

Corwine v. Talbot.

be in relation to a matter material to the transaction. Merwin v. Arbuckle, 81 Ill. 501; Wheeler v. Randall, 48 Ill. 182; Hines v. Richter, 51 Ill. 299; McBean v. Fox, 1 Ill. App. 177; Grier v. Puterbaugh, 108 Ill. 602; Rockford Ins. Co. v. Warne, 22 Ill. App. 19.

Messrs. BEACH & HODNETT and BLINN & HOBLIT, for appellee.

*Per Curiam.* Appellee recovered a judgment below against appellant for alleged deceit in the sale of the agency for Logan county of the Security Live Stock Insurance Company, of Bloomington. The price paid was $400. The company failed within thirty days thereafter, and the damages recovered were $300.

It was conceded that some material representations made by the defendant respecting the solvency, business and expectations of the company were untrue, but denied that defendant knew them to be so and that plaintiff relied on them.

It appears that, shortly before the sale was effected, defendant was told by two agents of other companies that the "Security" would soon have to suspend, and some specific matters of fact of a suspicious character were asserted in support of that conclusion. He claimed that he thereupon went to Bloomington to see the vice-president and acting secretary of the company about it, and was by him assured that these statements were false; that the financial condition of the company was go d, and that it was going to increase its capital stock to $100,000. Being asked, as a witness, to state what this officer had told him, the court, on objection made, refused to allow it, which is the only ruling complained of except the denial of a motion for a new trial.

It further appears, however, that afterward, in the course of his testimony, he stated that before the sale he informed the plaintiff of what the vice-president had told him, and was then permitted to state what it was.

But it is argued that the error of refusing to admit that matter independently of the alleged communication of it to

plaintiff, was not cured by its subsequent admission in that connection, because the plaintiff denied that he informed him that the vice-president had said the company was going to increase its capital stock to $100,000, and the contradiction upon that point tended to discredit his statement that the vice-president had so told him.

We do not perceive any force in this argument. The contradiction and the case would have been just what they are, if the matter had been admitted as first offered.

It is useless to discuss the evidence. The jury doubtless did that, and the only complaint made of them is that they thought it warranted their verdict.

*Judgment affirmed.*